JONES, Justice:
Under the Workmen’s Compensation Act, the attorney-referee allowed appellee compensation for twenty percent permanent partial disability of the leg plus a ten percent penalty, and ordered payment of $100 on the amount due Dr. Francis Conn for an examination of appellee. The Commission affirmed the order of the attorney-referee. The order of the Commission was dated December 14, 1966. On January 11, 1967, appellee gave notice of appeal. On January 12, 1967, appellants filed a notice of appeal, both notices being within the time allowed by statute for such appeals.
The circuit court reversed the Commission, allowed total loss of use of the right lower extremity, and increased the penalty to twenty percent. As we gather, the ground for increasing the penalty was that the employee had first appealed and thereby deprived the Commission of further jurisdiction. We find it necessary to reverse the order of the circuit court and reinstate the order of the Commission.
*893 Appellee was a partner in and an employee of the firm of Glenn-Phillips Masonry Contractors. It was stipulated that the employee was entitled to he paid temporary total benefits at $35.00 per week from February 18, 1964 (date of accident was February 17) through April 27, 1965, the date of maximum medical improvement.
As to the injury, the sole issue is the percentage of permanent disability. Since the Commission is the trier of facts, the question presented is whether or not its order is supported by substantial evidence. See Gaines v. McCormick, 238 Miss. 535, 117 So.2d 467 (1960); Williams Bros. Co. v. McIntosh, 226 Miss. 553, 84 So.2d 692 (1956); and many other decisions of this Court.
The firm of which the appellee was a partner and employee was engaged in general masonry contracting. On the application for compensation, signed by appellee, he lists his occupation as “foreman.” Ap-pellee worked in a supervisory capacity and, when injured, was so engaged in the construction of a school building, having a crew of several bricklayers. His foot caught beneath a pipe, and he fell and fractured both bones above the ankle of his right leg. The accident occurred at Richton. He was referred immediately by the local doctor to Dr. James C. Bass, Jr., an orthopedic surgeon of Laurel. Later the appellee was examined by Dr. Francis Conn, an orthopedic surgeon, of Hatties-burg.
Both doctors testified. Both had X-rays. There was a conflict between them as to what the X-rays showed. Dr. Bass claimed the X-rays showed a well healed fracture. He testified that if there were any swelling or pain, it was due to some cause other than the fracture. Dr. Conn saw the appellee one time, more than a year after the accident, and testified to some matters contrary to Dr. Bass. A letter written by Dr. Conn to appellee’s attorney, dated the day of his examination, stated “he has a well healed fractured tibia and fibula.”
Dr. Conn testified he was familiar with the work of a brickmason and rated ap-pellee’s disability at twenty to twenty-five percent. Dr. Bass, who had actually worked as a bricklayer, discharged ap-pellee on April 27, 1965, with no restrictions on work activity; but he gave appellee a rating of ten percent disability, because “He would be impaired a little bit in function and efficiency by the muscular structure fatiguing a little earlier than normal.” These were the only doctors who testified and their statements were to be considered in connection with the other proof.
The appellee admitted that he actually worked after his injury. Prior to his discharge, he, with Dr. Bass’s approval, returned to Richton on crutches and resumed supervision of the job from a chair. He also admitted laying about 7,000 bricks in veneering a house and supervising for about six weeks the masonry work on a school house at Moss Point. He also said that he personally installed a brick patio.
There was introduced a copy of the 1964 Income Tax Return of the partnership. There was shown a gross income of $15,-180.00, with a net after all deductions of $2,906.01, of which each partner received one half.
Mr. Joseph H. Madison, business manager for the Bricklayers Union, said he had sent the appellee out on what he called “small” jobs. Following Hurricane Betsy he got the appellee to work a small store front at Long Beach. On larger jobs like a school house, hotel, or motel, Mr. Madison said he sent the appellee to see the contractor. He was asked whether or not he would send the appellee on a job, such as a school house, which required the performance of the normal duties of a brickmason. The answer was, “Yes, sir. I would send him.”
*894 Under this proof we cannot say the award of the Commission was not supported by substantial evidence, nor that it was manifestly wrong or against the overwhelming weight of the evidence. The facts of the cases relied upon by appellee are distinguishable from those here.
Appeals from the Commission to circuit court are granted by section 6998-26 Mississippi Code 1942 Annotated (1952). Either party is given the right to appeal within thirty days. The fact that one party gives his notice of appeal one day before the other does not destroy the right of the other to appeal.
The case is reversed and the order of the Commission reinstated.
Reversed and remanded to the Commission.
ETHRIDGE, C. J., and RODGERS, BRADY, and SMITH, JJ., concur.